### BELLOWS v. UNITED ELECTRICAL MFG. CO. et al.

(Circuit Court, S. D. New York. May 23, 1907.)

PATENTS—INFRINGEMENT—TELEGRAPH KEY.

The Coffee patent, No. 812,183, for an improvement in telegraph instruments for transmitting signals, and known as a "telegraph key," construed, and, as limited by the prior art, *held* not infringed.

In Equity. Suit for alleged infringement of United States letters patent No. 812,183, issued February 13, 1906, to Benjamin F. Bellows, on application filed January 11, 1904, by William O. Coffee, for improvement in telegraph instruments for transmitting signals, and known as a "telegraph key."

Lyman Ward (E. L. Thurston, of counsel), for complainant.

Kerr, Page & Cooper (Parker W. Page and Thomas B. Kerr, of counsel), for defendants

RAY, District Judge. Claims 11, 12, 13, 16, 18, 19, 21, 23, 25, 26, 27, and 28 of the patent mentioned are in suit. Complainant charges infringement by the manufacture, use, and sale of certain telegraph keys invented by one Martin. Specimens of Martin's keys are marked "Complainant's Exhibit, Defendants' Key," and "Defendants' Exhibit, Defendants' Key." Two questions are involved: First, the validity of the patent in suit; and, second, if valid, are the claims in issue infringed?

I do not think, in view of the prior art, the patent in suit can be so broadly construed as to embrace or cover defendants' key. If so broadly construed, the claims in suit cover keys of a prior patent to Martin, No. 732,648, and are invalid, because anticipated, and Coffee was not the first inventor.

There will be a decree dismissing the bill of complaint, with costs.