MARTIN v. WALL.

(Circuit Court, S. D. New York. May 23, 1907.)

PATENTS—INFRINGEMENT—TELEGRAPH TRANSMITTERS.

The Martin patent, No. 767,303, for an improvement in telegraph transmitters, *held* valid and infringed.

In Equity. Suit to restrain alleged infringement of claims 1 and 2 of United States Letters Patent No. 767,303, dated August 9, 1904, and issued to Horace G. Martin, the complainant, for an improvement in telegraph transmitters.

Kerr, Page & Cooper, Parker W. Page, and Thomas B. Kerr, for complainant.

E. L. Thurston, for defendant.

RAY, District Judge. In Bellows v. United Electrical Manufacturing Company and Horace G. Martin, 153 Fed. 588 (Equity No. 9,446), this court has just held that the Martin patent, No. 767,303, does not infringe the Coffee patent, No. 812,183, contrued as it must be, or, if so broadly construed as to include or cover Martin's invention, it is invalid, because Martin was the first inventor. The said patent to Coffee is in evidence here, but I do not find any evidence regarding it. It seems to have been stipulated into the case. The defendant here gave no evidence aside from such patent, except such as may have been drawn out on cross-examination of the complainant's witnesses. The final hearing was had on the pleadings, complainant's record, and said Coffee patent.

Wall uses and sells telegraphic transmitters or keys, specimens of which are in evidence, marked "Complainant's Exhibit, Defendant's Key, No. 1," "Complainant's Exhibit, Defendant's Key, No. 2," and "Complainant's Exhibit, Defendant's Key, No. 3." These seem to differ somewhat in details of construction, but are identical in operation and the same in principle. The parties have stipulated that all patents in evidence shall be presumed to date from the time when applications therefor were filed. This makes the Coffee patent date January 11, 1904. Application for the patent in suit to Martin was filed May 7, 1904. Martin has another patent, 732,648, application for which was filed October 6, 1902. Complainant also gave considerable evidence, which is well supported by that of other witnesses, as to the actual date of his invention, and makes it much earlier than that of Coffee. I do not think Martin abandoned his invention, and it seems to me the evidence establishes that he was the first inventor, and that defendant infringes.

There will be a decree for the complainant, with costs.